The Vice-Chancellor.
The defendant applies to be discharged from imprisonment, under the act of 31st January, 1843. (Laws of 1843, Oh. 9.) After the service of an injunction, forbidding his disposal of property in his possession, on which the complainant had acquired a lien by this suit, he sold property of the value of $250, and received the proceeds, and used or spent the same. When accused of the violation of the injunction, he stoutly denied it, and put the complainant to an expense of more than $100, in establishing the fact. It was fully established to the satisfaction of the master and of the court; and now on reading again the whole proceedings, I cannot view the defendant’s conduct otherwise than as a wilful or reckless disregard of the process of this court, and violation of the rights of the complainant. He was committed on the 18th of February last. In his petition, he makes no acknowledgment of his fault. On the contrary, he persists in asserting that “ he does not know or believe that he ever did violate the injunction, in any way or manner.”
This bold and impudent statement, does not permit the court to give that credence to his allegations in respect of his property, which it would be glad to entertain ; and the belief and the want of information on that subject, deposed to by Sayers and the Parsons, are not satisfactory proof of the point.
I can refer to my course in respect of these commitments, to show how tender I feel in directing or continuing the imprisonment of parties for contempts. But I am constrained to declare, that in this case I do not feel warranted in granting the relief sought.
The property sold, was in equity, the complainant’s. But for the defendant’s disposal of it in direct defiance of the law, it wuuld before this time, have been applied on the complainant's debt, and been in his actual enjoyment. The defendant’s act was in moral delinquency, but little short of a larceny. And if, under such circumstances, after an imprisonment of two or three *577 months of a very lenient character, he should, on his affidavit of want of property, he discharged; it would be an encouragement to rogues and ill disposed persons, to disregard the process of law and the rights of parties, which I am very reluctant to afford.
The motion must be denied.